**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | § | |
|---|---|---|
| IN RE: | § | CASE NO: 20-11002 |
| | § | |
| CHESTER J. MARINE, LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SECTION "A" |
| | § | |

| | § | |
|---|---|---|
| RUSSEL MARINE TOWING, LLC, et al | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | ADV. NO. 20-1042 |
| v. | § | |
| | § | |
| CHESTER J. MARINE, LLC, et al, | § | |
| | § | |
| DEFENDANTS. | § | |

| | § | |
|---|---|---|
| CHESTER J. MARINE, LLC, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | ADV. NO. 20-1048 |
| v. | § | |
| | § | |
| RUSSEL MARINE TOWING, LLC, | § | |
| | § | |
| DEFENDANT. | § | |

**ORDER CONSOLIDATING**

This Court held a hearing on December 16, 2020, on the *Objection to Proof of Claim* filed by the Debtor, [ECF Doc. 75], the first *Russell Marine Towing LLC's Response to Debtor's Objection to Proof of Claim*, [ECF Doc. 86], and the second *Russell Marine Towing LLC's Response to Debtor's Objection to Proof of Claim*, [ECF Doc. 88], (all together, the "Objection to Claim"). Appearances were as noted on the record.

On July 8, 2020, Russell Marine Towing, LLC filed Adversary Proceeding No. 20-1042 against the Debtor. Thereafter, on August 3, 2020, the Debtor filed Adversary Proceeding No. 20-1048 against Russell Marine Towing, LLC. On October 6, 2020, the Court consolidated both adversary proceedings under Adversary Proceeding No. 20-1042 (the "Consolidated Adversary Proceeding"), *see* [ECF Doc. 72].

This Court finds that the transactions, facts, and circumstances underlying the Objection to Claim and the Consolidated Adversary Proceeding arise from the same common nucleus of operative fact and factually and legally overlap substantially, if not entirely. Federal Rule of Civil Procedure 42, made applicable to these proceedings by Bankruptcy Rule 7042, states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." FED. R. CIV. P. 42(a). "Consolidation is within the broad discretion of the bankruptcy courts and trial courts may consolidate *sua sponte*." *De la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 603 (B.A.P. 9th Cir. 2011) (citations omitted); *see also Alley v. Chrysler Credit Corp.*, 767 F.3d 138, 140 (5th Cir. 1985). "The opportunity for consolidation is designed to promote not only judicial economy, but also the expeditious and efficient conduct of litigation for all concerned." *Id.* (citation omitted). In exercising its discretion to consolidate actions, the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concern of the single-trial and multiple-trial alternatives. *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, Nos. 13-3935, 13-6084, 13-6233, 2014 WL 4809449, at *1 (E.D. La. Sept. 26, 2014) (citation omitted).

Here, the threshold requirement for consolidation is met. The discretionary factors also point toward consolidation. The Court does not foresee any potential prejudice or confusion to any party if these three matters are consolidated. Judicial economy is served by consolidations because the factual and legal issues are the same in each proceeding.

Therefore, pursuant to Rule 42, made applicable here by Bankruptcy Rule 7042, it is ORDERED, ADJUDGED, AND DECREED that the Objection to Claim and the Consolidated Adversary Proceeding are consolidated within the Consolidated Adversary Proceeding at No. 20-1042.

New Orleans, Louisiana, December 16, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE